02-10-303-CR












 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.
02-10-00303-CR

 

 


 
 
 Billy andrew allred
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 271ST District Court OF WISE COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

         
Appellant Billy Andrew Allred appeals his conviction following a jury trial for
intoxication manslaughter.  Appellant did not appear for the second day of
trial. After an investigator found Appellant
intoxicated at his home, the trial court found that Appellant had voluntarily
absented himself, and the trial proceeded without Appellant present.[2]  The jury convicted Appellant and
assessed his punishment at twenty-years’ confinement
with a $10,000 fine, and the trial court sentenced Appellant accordingly. 


         
Appellant’s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of the motion.  In the brief, counsel avers
that, in her professional opinion, this appeal is frivolous.  Counsel’s
brief and motion meet the requirements of Anders v. California, 386 U.S.
738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the
record and demonstrating why there are no arguable grounds for appeal.[3]  We gave Appellant an opportunity to
file a pro se brief, but he did not do so.  The
State did not file a brief.

         
After an appellant’s court-appointed counsel files a motion to withdraw on the
ground that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the
record.  See Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d
920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant
counsel’s motion to withdraw.  See Penson v.
Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

         
We have carefully reviewed counsel’s brief and the appellate record.  We
agree with counsel that this appeal is wholly frivolous and without merit; we
find nothing in the record that arguably might support any appeal.  See
Bledsoe v. State, 178 S.W.3d
824, 827–28 (Tex. Crim. App. 2005).  Accordingly, we grant
counsel’s motion to withdraw and affirm the trial court’s judgment.

 

PER CURIAM

  

PANEL: 
GARDNER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November
23, 2011

 











         
[1]See Tex. R. App. P. 47.4.





[2]A
subsequent test that day was positive for cocaine and marijuana. 





[3]In
the brief, Counsel presented an “arguable” point of error questioning whether
Appellant remained voluntarily absent from trial once he was in custody, not at
trial, but still suffering the effects of cocaine and marijuana use. 
Counsel acknowledges, however, that Appellant did not preserve this point for
appellate review.  See Fajardo v. State,
No. 13-06-00081-CR, 2007 WL 2199633, at *1 (Tex. App.—Corpus Christi Aug. 2,
2007, pet. ref’d) (mem. op., not designated for
publication) (holding complaint that trial court failed to ask the appellant
whether he had voluntarily absented himself not preserved by failure to
object); see also Hill v. State, No. 02-06-00094-CR, 2007 WL 866476, at
*8–9, n.9 (Tex. App.—Fort Worth Mar. 22, 2007, pet.
ref’d) (mem. op., not designated for publication)
(discussing cases involving voluntary absences resulting from intoxication or suicide
attempt and mentioning scenarios in which the appellant’s presence at trial is
more prejudicial than absence due to the appellant’s behavior or demeanor).